IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY J. BROWN, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| STACY M. JACKSON, Individually and | § | |
| as Personal Representative of the | § | No. 3:16-cv-402-N-BN |
| ESTATE OF JERRY J. BROWN, JR., | § | |
| | § | |
| Intervenor-Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| BEAMERS PRIVATE CLUB d/b/a | § | |
| PRIVAE LOUNGE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of

reference from United States District Judge David C. Godbey. Non-Debtor Defendants

ADRCC, LLC ("ADRCC"), Schahrouz Ferdows ("Schahrouz"), Daryush Ferdows

("Daryush"), and CBF Management Corporation ("CBF Management") ("collectively,

the Non-Debtor Defendants") removed this case to federal court on the eve of trial in

state court after Debtor-Defendants Beamers Private Club d/b/a Privae Lounge

("Beamers") and Bavarian Management, LLC ("Bavarian Management") (collectively,

the "Debtor Defendants") sought bankruptcy protection. *See* Dkt. No. 1.

Plaintiff Jerry J. Brown, Sr. ("Brown") and Intervenor-Plaintiff Stacy M. Jackson

("Jackson"), individually and as personal representative of the Estate of Jerry J. Brown, Jr. ("the estate") (collectively, "Plaintiffs") have filed a Motion to Remand this action to state court. *See* Dkt. No. 9. Non-Debtor Defendants filed a response and an Amended Notice of Removal, *see* Dkt. Nos. 12 & 13, and Plaintiffs filed a reply, *see* Dkt. No. 18.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Motion to Remand should be granted.

## Background

This litigation arises from a drunk driving accident on December 8, 2012 in which Jerry J. Brown, Jr., a passenger in Joshua Brent's car, was killed after the two men left Privae Lounge.

Both Jerry J. Brown, Sr. and Stacy M. Jackson, individually and as representative of the Estate of Jerry J. Brown, Jr., filed wrongful death lawsuits in October 2013 and November 2013, respectively, in the 191st District Court of Dallas County, Texas. *See* Dkt. No. 1-5 at 2-16; Dkt. No. 1-16 at 2-12. The case filed by Jackson was transferred to the case filed by Brown, and Jackson intervened in the Brown suit on December 16, 2013. *See* Dkt. No. 1-15 at 2; Dkt. No. 1-46 at 2.

In their live pleadings at the time of the trial setting in state court, Plaintiffs sued Beamers for violation of the Dram Shop Act; Plaintiffs sued Bavarian Management, ADRCC, and CBF Management for negligence and negligence per se; Plaintiffs sued Joshua Price-Brent for negligence and negligence per se; and Plaintiffs sued Schahrouz Ferdows and Daryush Ferdows as the alter egos of Beamers, Bavarian

Management, ADRCC, and CBF Management. *See* Dkt. No. 2-16 (Plaintiff's Second Amended Petition). The Non-Debtor Defendants have failed to include Intervenor's Third Amended Petition in the record, even though the index indicates that it is included.

The case was set for trial on Monday, February 15, 2016.

On Friday, February 12, 2016, Beamers and Bavarian Management filed voluntary petitions for relief under Chapter 7 in the United States Bankruptcy Court for the Northern District of Texas. *See* Dkt. No. 3-41 (*In re Beamers Private Club*, Chap. 7 Case No. 16-30626-7; *In re Bavarian Mgmt., LLC*, Chap. 7 Case No. 16-303628-7).

The Non-Debtor Defendants then removed this case from state court to this Court on the grounds that the claims were related to the bankruptcy cases or, alternatively, on the basis of diversity jurisdiction. *See* Dkt. No. 1.

Plaintiffs filed their Motion to Remand on March 11, 2016. *See* Dkt. No. 9. Plaintiffs contend that this court does not have diversity jurisdiction and seek an equitable remand. *See id.*

On April 1, 2016, the Non-Debtor Defendants filed both an untimely Amended Notice of Removal, *see* Dkt. No. 12, and a response to the Motion to Remand, *see* Dkt. No. 13. Plaintiffs filed a reply that addresses both the Amended Notice of Removal and the response to the Motion to Remand. *See* Dkt. No. 18.

The undersigned now concludes that the case should be remanded to state court.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). And a defendant may remove a case that includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331) and a claim not within the Court's original or supplemental jurisdiction or that has been made nonremovable by statute, so long as the action would be removable without the inclusion of the nonremovable claim. *See id.* § 1441(c)(1). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks

omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1331 Federal Question Jurisdiction

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted). Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir.

1998) (internal quotation marks omitted). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Hot-Hed*, 477 F.3d at 323 (quoting *Carpenter,* 44 F.3d at 366). "The plaintiff is 'the master of her complaint,' and, as such, a determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (internal quotation marks omitted). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Id.* (internal quotation marks omitted).

Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action," *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), which a plaintiff may do, "even when federal remedies might also exist," *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); *accord McLaren v. Railamerica, Inc.*, No. 3:01-cv-91-D, 2001 WL 366431, at *1 (N.D. Tex. Mar. 21, 2001) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)) ("The well-pleaded complaint rule makes the plaintiff 'the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'"). It makes no difference whether the state law cause of action may ultimately not be viable or that a federal law claim might be more likely to succeed – if a plaintiff files a petition in state court alleging wholly state claims in a non-preempted field, the viability of the plaintiff's state law claims is a matter for a Texas state court to decide. *See Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001); *see also Bernhard v. Whitney Nat'l*

*Bank*, 523 F.3d 546, 554 (5th Cir. 2008) ("Under the well-pleaded complaint rule, the availability of a federal claim does not deprive the Bernhards of the opportunity to plead state law claims that may ultimately have no merit. The federal courts do not have federal question jurisdiction simply because a federal right was available but was not asserted."); *Hot-Hed*, 477 F.3d at 324 ("Even assuming *arguendo*, however, that Hot-Hed failed properly to allege a basis for attorneys' fees under state law, such a failure would not require that the claim be read as a request for relief available under federal law.").

When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard*, 523 F.3d at 551; *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete preemption." (citation omitted)); *Medina*, 238 F.3d at 680 ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

"The federal courts have jurisdiction over a state law claim that necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Bernhard*, 523 F.3d at 551 (internal quotation marks

omitted). That is, a petition creates federal question jurisdiction "when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (footnote omitted); *see also Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 280 (5th Cir. 2010). The United States Supreme Court has "sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Rather, the Supreme Court has cautioned that the federal right at issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* Relevant to, but not dispositive of, the analysis of where the federal right at issue is substantial enough to satisfy the exercise of federal jurisdiction is whether there is a private cause of action for violation of a federal statute. *See id.* at 318.

### 28 U.S.C. § 1332 Diversity Jurisdiction

In diversity cases under 28 U.S.C. § 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d

1404, 1409 (5th Cir. 1995). And the Court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery*, 243 F.3d at 919.

Further, an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective).

Likewise, based on the so-called rule of unanimity, if an action is removed under Section 1441(a) based on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action"; "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"; and, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(A)-(C). But, if a case is removed under Section 1441(c) based on federal question jurisdiction over a claim, "only defendants against whom [a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331)] has been asserted are required to join in or consent to the removal

under" Section 1441(c)(1). *Id.* § 1441(c)(2).

Additionally, subject to certain limitations set in Section 1332(c), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

## Analysis

I.    <u>Federal Question Jurisdiction</u>

This case was removed under 28 U.S.C. §§ 1334(b) and 1452(a). Section 1452 provides for the removal of claims related to bankruptcy cases. According to Section 1452(a), a party can remove a case to federal court if the district court has jurisdiction over the cause of action under 28 U.S.C. § 1334. The bankruptcy jurisdiction of the districts courts and bankruptcy courts is conferred by 28 U.S.C. § 1334. Section 1334(a) provides for exclusive jurisdiction "of all cases under title 11." The statute also confers on the district courts original, but not exclusive, jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b). The United States Court of Appeals for the Fifth Circuit has explained that, in determining whether jurisdiction under this statute exists, it is necessary to decide only whether a matter is at least "related to" the bankruptcy. *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

In the Fifth Circuit, the test for whether a proceeding properly invokes federal bankruptcy "related to" jurisdiction is whether the outcome of that proceeding could

conceivably have any effect on the estate being administered in bankruptcy. *See Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001) (citing *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999)). The test is simply whether an effect is possible; certainty of an effect is not a requirement. *See id.* Therefore, "an action is related to bankruptcy if the outcome could alter the debtors rights, liabilities, options, or freedom of action (either positively or negatively) and ... in any way impacts upon the handling and administration of the bankrupt estate." *Matter of Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (quoting *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995)).

The undersigned concludes that this case is related to the Debtor Defendants' bankruptcies because the determination of Plaintiffs' alter-ego claims could effect the liquidation of the bankruptcy estates. Accordingly, the District Court has federal question jurisdiction.

II.     <u>Lack of Diversity Jurisdiction</u>

The Non-Debtor Defendants also removed this case on the basis of 28 U.S.C. § 1332 and contend that the District Court has supplemental jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000. There is no dispute that the amount in controversy requirement has been met.

The Non-Debtor Defendants filed their Notice of Removal on February 12, 2016, and, more than thirty days later, filed an Amended Notice of Removal on April 1, 2016, in which they provide additional allegations concerning the citizenship of the parties. *Compare* Dkt. Nos. 1 & 12. Plaintiffs do not challenge the timeliness of the Amended Notice of Removal, and they address it in their response.

"'A removal petition may be amended freely within the thirty day period set forth in 1446(b).'" *Gibbs v. Ocwen Loan Servicing,* Inc., No. 3:14-cv-1153-M-BN, 2014 WL 2767206, at *3 (N. D. Tex. June 18, 2014) (quoting *Alford v. Chevron U.S.A. Inc.*, No. 13-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014)). Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts" after the 30-day period for removing a state court action under 28 U.S.C. § 1446 has expired. *Moore v. Gladiator Events, LLC*, No. 3:15-cv-5459625, 2015 WL 5459625, at *2 (N.D. Tex. Sept. 15, 2015) (quoting *Arriaga v. Midland Funding LLC*, No. 3:14-cv-4044-M, 2015 WL 567264, at *2 (N.D. Tex. Feb. 11, 2015)). "Section 1653 is 'liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of parties.'" *Id.* (quoting *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 586-87 (S.D. Tex. 2012)). A party may amend its removal notice under 28 U.S.C. § 1653 in order to cure defective allegations of jurisdiction but not missing allegations of jurisdiction. *See Allen v. Bank of Am., Inc.*, F. Supp. 3d 819, 834 (N.D. Tex. 2014); *West Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, No. 3:09-cv-0370-D, 2009 WL 2252505, at *3 n.4 (N.D. Tex. July 29, 2009) (citing *Gargiulo v. Dessauer*, No. Civ. A. 04-1206, 2004 WL 966240, at *2 (E.D. Pa. May 5, 2004) ("An imperfect or defective allegation can be amended outside the thirty-day period for removal provided for under 28 U.S.C. § 1446, but a missing or completely new jurisdictional allegation may not be added by amendment after the thirty-day period has expired.)).

In the original notice of removal, the Non-Debtor Defendants allege that

Plaintiff Jerry J. Brown, Sr. is a citizen of Missouri and that Intervenor-Plaintiff Stacy M. Jackson is a citizen of Illinois. They allege that Defendant Beamers is a Texas unincorporated association, Defendant Bavarian Management is a Texas limited liability company, Defendants ADRCC and CBF Management are both "Delaware entities," and Defendants Schahrouz Ferdows, Daryush Ferdows and Joshua Price-Brent are citizens of Texas. *See* Dkt. No. 1 at 4.

In their Motion to Remand, Plaintiffs challenged the diversity allegations for several reasons. First, the Non-Debtor Defendants made no allegations concerning the citizenship of Jerry J. Brown, Jr., the decedent, whose estate is a plaintiff in the case. Second, Intervenor-Plaintiff Stacy Jackson argues that, while she may have been a resident of Illinois at the time she filed her Original Petition in 2013, she was a citizen of Texas at the time of removal. And, third, Beamers, an alleged "Texas unincorporated association," Bavarian Management, an alleged "Texas limited liability company," and ADRCC and CBF Management, both alleged to be "Delaware entities," failed to identify and specify the citizenship of each of their members.

The Non-Debtor Defendants filed an amended notice of removal in which they address these defects. They add the allegation that the estate of Jerry J. Brown, Jr. is a citizen of Illinois. They do not address Jackson's contention that she was a citizen of Texas at the time of removal but continue to assert that she is a citizen of Illinois. And they allege that "Beamers [] is a Texas unincorporated association and its members are all domiciled in Texas; therefore Beamers is a Texas citizen;" that "Bavarian Management [] is a Texas limited liability company and all of its members are

domiciled in Texas; therefore Bavarian is a Texas citizen"; and that "ADRCC [] and CBF Management [] are both Delaware entities with their principal places of business located in Texas, thus, they are Delaware and Texas citizens."

The failure to allege a party's citizenship in a notice of removal constitutes a jurisdictional defect that may be cured by amendment. *See In re Allstate Ins. Co.*, 8 F.3d 219, 222 n.4 (5th Cir. 1993) (citing *D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145, 146-47 (5th Cir. 1979) (missing allegation of citizenship in notice of removal not fatal but may be cured by amendment)); *Divine Restoration Apostolic Church v. Nationwide Ins. Co.*, Civil Action No. H-09-cv-0926, 2009 WL 7799508, at *1 (S.D. Tex. June 3, 2009).

The Non-Debtor Defendants' amended notice of removal added the allegation that the estate of Jerry J. Brown, Jr. is a citizen of Illinois. A notice of removal may be amended when it fails to allege the citizenship of one of the parties. *See Moore v. Miller*, Civil Action No. 15-80-BAJ-RLB, 2016 WL 447152, at *3 (M.D. La. Jan. 14, 2016).

The Non-Debtor Defendants' amended removal notice also provided additional allegations concerning the citizenship of Beamers, Bavarian Management, ADRCC and CBF Management. The Non-Debtor Defendants alleged that Beamers is "a Texas unincorporated association and its members are all domiciled in Texas," that Bavarian Management is a "Texas limited liability company and all of its members are domiciled in Texas," and that ADRCC and CBF Management are both "Delaware entities with their principal places of business located in Texas."

The citizenship of unincorporated associations, entities, and limited liability companies is determined by the citizenship of all of their members, and they are citizens of every state in which one of its members is a citizen. *See Americold Realty Trust v. Conagra Foods, Inc.* 136 S. Ct. 1012, 1016 (2016); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.3d 803, 805 (5th Cir. 1991). In conclusory statements, Beamers and Bavarian Management allege that their "members are all domiciled in Texas," and ADRCC and CBF Managements allege that they are "entities," but they fail to identify the individual members, much less specify the citizenship of each of those members.

Because they fail to identify the individual members of each entity and the citizenship of each of those members, the Court cannot determine the citizenship of Beamers, Bavarian Management, ADRCC and CBF Management. Thus, even after amendment, these Defendants fail to establish their own citizenship for purposes of establishing diversity jurisdiction.

In their amended notice of removal, which was filed after Plaintiffs filed their Motion to Remand, the Non-Debtor Defendants fail to address Intervenor-Plaintiff Jackson's claim that she was a citizen of Texas at the time of removal and continue to simply allege that she is a citizen of Illinois. A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate*, 8 F.3d at 221; *see also Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("In

cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.").

In the Motion to Remand, Ms. Jackson contends that she was a resident of Texas at the time of removal. Ms. Jackson attached a declaration to the Motion to Remand in which she states that she moved from Illinois to San Antonio, Texas in April 2014, where she currently resides and where her extended family and grandchildren reside; that she has no intention of leaving San Antonio, Texas; that Texas is her home now; and that she plans to stay in Texas. *See* Dkt. No. 9-1. Plaintiffs assert that, while Ms. Jackson may have been a resident of Illinois at the time she filed her Original Petition in 2013, she has been citizen of Texas since April 2014, which was almost two years before the case was removed to federal court.

A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely. *See Coury*, 85 F.3d at 250. A person's domicile persists until a new one is acquired or it is clearly abandoned. *See id.* There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict. *See id.* at 249. "While some opinions seem to imply that the burden of persuasion rests with the party attempting to show a change of domicile, this is an overstatement. The proper rule is that the party attempting to show a change assumes the burden of going forward on that issue. The ultimate burden on the issue of jurisdiction rests with the plaintiff or the party invoking federal jurisdiction." *Id.*; *see also St. Paul Reinsurance Co., Ltd. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.").

Ms. Jackson has come forward with evidence establishing that she was domiciled in Texas at the time the case was removed from state to federal court. According to her declaration, Ms. Jackson has lived in Texas near her children and grandchildren since 2012 and plans to remain in Texas indefinitely because it is now her home.

In their response to the motion to remand, filed concurrently with the amended notice of removal, the Non-Debtor Defendants argue that, according to her Third Amended Petition and Plea in Intervention, Ms. Jackson continued to plead that she was a resident of Illinois as late as October 23, 2015 and that her "self-serving" statement of intent to remain in Texas is insufficient to establish a change of domicile. The Non-Debtor Defendants argue that Ms. Jackson has failed to meet her burden to show a change of domicile, but they fail to recognize their burden of rebuttal once she comes forward with evidence of a change of domicile.

In their reply, Plaintiffs assert that Ms. Jackson's late-filed allegations that she was a resident of Illinois were made mistakenly and were "perpetuated from the original pleading she filed at a time when she was an Illinois resident." They also argue that Non-Debtor Defendants' allegation that Ms. Jackson was a "resident of Illinois" is not sufficient to establish citizenship because "residence" is not "domicile" and does not determine citizenship, *see, e.g., Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007), and parties cannot create diversity jurisdiction, even

through erroneous allegations, *see, e.g., Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). And Plaintiffs argue that the Non-Debtor Defendants were aware of Ms. Jackson's change of domicile long before they filed the notice of removal because, on September 24, 2014, Ms. Jackson testified in response to deposition questions from Defendants' counsel that she had been living in San Antonio with her husband since April 2014 and had moved there to be closer to her granddaughter. *See* Dkt. No. 18-1 at 2-3. Thus, this is not a case in which Ms. Jackson moved to and announced a bare intent to remain in Texas to destroy diversity.

The undersigned concludes that, even if the Non-Debtor Defendants could cure the deficiencies in the allegations concerning their own citizenship, Ms. Jackson has established that she was a citizen of Texas at the time of removal and the Non-Debtor Defendants have failed to meet their burden to demonstrate complete diversity between all Plaintiffs and Defendants at the time of removal.

Accordingly, this Court does not have diversity jurisdiction over this case.

III.    Equitable Remand

Plaintiffs do not dispute that this case is related to Beamers' and Bavarian Management's bankruptcies. Instead, they seek an equitable remand to state court under 28 U.S.C. § 1452(b). Plaintiffs argue that "equity requires a remand under 28 U.S.C. § 1452(b) because only state-law claims are at issue, allowing prosecution of this case to a final judgment will have no effect on the efficient administration of the bankruptcy estate, litigating this state-law case in this Court would duplicate and waste judicial resources the state court already expended, and comity favors remand."

Dkt. No. 9 at 1.

Section 1452(b) provides that the "court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). In determining whether equitable remand under 28 U.S.C. § 1452(b) is appropriate, courts consider a list of non-exclusive factors, which include the following:

(1)    the effect or lack thereof on the efficient administration of the estate if the court decides to abstain or remand;

(2)    the extent to which state law issues predominate over bankruptcy issues;

(3)    difficult or unsettled nature of applicable law;

(4)    presence of related proceedings commenced in state court or other non-bankruptcy proceeding;

(5)    jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)    degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7)    the substance rather than the form of an asserted core proceeding;

(8)    the feasibility of severing state law claims from bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;

(9)    the burden of the bankruptcy court's docket;

(10)   the likelihood that the commencement of the proceeding in the district court involves forum shopping by one of the parties;

(11)   the existence of a right to a jury trial;

(12)   the presence in the proceeding of non-debtor parties;

(13)    comity; and

(14)    the possibility of prejudice to other parties in the action.

*20/20 Mgmt. Co., Inc. v. Comunidad Corp.*, No. 3:08-cv-608-O, 2008 WL 4180081, at

*2 (N.D. Tex. Sept. 3, 2008) (citing cases).

The Non-Debtor Defendants removed this case literally on the eve of trial. The case was set for trial on Monday, February 15, 2016. The Debtor Defendants filed their bankruptcy cases and the Non-Debtor Defendants removed this case on Friday, February 12, 2016. This lawsuit involves state law claims and has been pending in state court for over two years.

The Non-Debtor Defendants argue that remand to state court is inappropriate because this case involves at least one core proceeding, namely, the liquidation of an asset of the Debtors' bankruptcy estates based on Plaintiffs' alter-ego claims. They concede that "the substance of Plaintiffs' claims are predominately state law based claims," that "the claims asserted by Plaintiffs ... are not necessarily difficult or unsettled areas of law," and that "Plaintiffs' wrongful death, negligence and Dram Shop Act claims may be non-core claims," but they assert that "the alter ego claims are core claims." Dkt. No. 14 at 18, 20. However, "[a] federal district court or bankruptcy court may find that remand is appropriate in a case removed on bankruptcy grounds whether it is 'core' or 'non-core' if there is any equitable ground for doing so." *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (Bankr. E.D. Tex. 2001).

The state court is familiar with the facts and issues in the case, as demonstrated by the lengthy state court docket attached to the notice of removal. The state court

heard motions to compel, evidentiary motions, and dispositive motions, including its denial of defendants' motion for summary judgment. The Non-Debtor Defendants' eve-of-trial removal suggests forum shopping to avoid the state court's rulings. In their joint status report filed after removal, the Non-Debtor Defendants state that they anticipate filing *Daubert* motions challenging Plaintiffs' expert witnesses, Federal Rule of Civil Procedure 12(b)(6) motions to dismiss, and motions for summary judgment. Prejudice to the involuntarily removed parties is obvious given not only the delay that would result from not remanding this case but also the potential circumvention of prior rulings by the state court. The undersigned finds that comity considerations weigh heavily in favor of remand due to the extent of the state court's familiarity with and prior rulings in the case. *See In re Engra, Inc.*, 86 B.R. 890, 895 (Bankr. S.D. Tex. 1988); *In re Walsh*, 79 B.R. 28, 29 (Bankr. D. Nev. 1987) ("The fact that the state court had proceeded to a point so near trial before removal indicates to this Court that retention of the case in federal court would result in a duplication and uneconomical use of judicial resources.").

Furthermore, equitable remand will not interfere with the efficient operation of the bankruptcy estates. 11 U.S.C. § 362 provides that, once the case is remanded to state court, the case cannot proceed until the bankruptcy court enters an order lifting the automatic stay and fashions conditions under which the underlying case may proceed to protect the estate. *See* 11 U.S.C. § 362(d)(1); *In re Fowler*, 259 B.R. 856, 859-60 (Bankr. E.D. Tex. 2001). Thus, the automatic stay resulting from the Debtor Defendants' bankruptcies does not prevent a remand in this case. *See Sanders v.*

*Farina*, 67 F. Supp. 3d 727, 729-30 (E.D. Va. 2014) (construing 11 U.S.C. § 362 and collecting cases).

There are no other jurisdictional bases for this case other than 28 U.S.C. § 1334 because the parties are not completely diverse, and the District Court may remand based on any equitable ground. *See* 28 U.S.C. § 1452(b). Based on the factors discussed above, which weigh heavily in favor of remand, the undersigned concludes that equity requires remand of this case to state court.

## Recommendation

Plaintiffs' Motion to Remand [Dkt. No. 9] should be granted and this case should be remanded to the 191st District Court of Dallas County, Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE